UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                  Case No: 06-20345
                                                  Honorable Victoria A. Roberts

LINDA HOLDEN,

    Defendant.

_____/

## ORDER

**I.    BACKGROUND**

Linda Holden ("Holden") pled guilty to one count of Embezzlement and Theft of Labor Union Funds, 29 U.S.C. § 501(c). In 1998, Holden became the Financial Secretary Treasurer of the Pace International Union, Local 6-639. From January, 2002 through July, 2004, Holden issued unauthorized checks to herself from the Union accounts. She utilized the Union's Visa bank card to make unauthorized purchases and ATM withdrawals. In February, 2006, Holden voluntarily admitted to embezzling Union funds and falsifying union records to conceal her actions. She entered into a Rule 11 Plea Agreement stipulating to a loss amount of $74,090.09.

**II.    SENTENCING MEMORANDUM**

    **A.    OFFENSE LEVEL**

Holden had no criminal history and immediately accepted responsibility for her actions. Her offense level – over which there is no disagreement – is 13. With a Criminal History Category I, Holden's advisory Guideline imprisonment range is 12 to 18

months, which is consistent with the range agreed to in the Rule 11.  Holden requests a non-custodial sentence.

### B. § 3553(A) FACTORS

Under the now advisory sentencing scheme the Court must be sure that the sentence imposed is "sufficient, but not greater than necessary," See 18 U.S.C. § 3553(a), and reasonable under the facts of the case.[1]  Pre-*Booker*,[2] the Sentencing Guidelines limited the type of factors a district court could consider in fashioning an

---

[1] Under 18 U.S.C. § 3553, the court is to consider the following sentencing factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for - . . .

(5) any pertinent policy statement- . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(7).

[2] *United States v Booker,* 125 S.Ct. 738 (2005).

appropriate sentence and mandated the extent to which a factor had to be present to warrant departure. *See United States v. Crouse,* 145 F.3d 786, 789-790 (6th Cir. 1998). *Booker* rendered the Guidelines advisory, requiring only that courts consider the applicable guideline range and the statutory concerns set forth at 18 U.S.C. § 3553(a) and impose a sentence that takes into account the purposes set forth there. *Booker,* 125 S.Ct. at 757. A district court must still consider whether a downward departure is warranted as part of its consideration of the appropriate Guideline range. *United States v. McBride*, 434 F.3d 470, 475-476 (6th Cir. 2006). But, it is now within the district court's discretion to decide what issues to consider and the weight they should be given under §3553(a), subject to review for reasonableness. *Id.* at 765; *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), *cert den.,* 126 S.Ct. 1110 (2006).

### 1.  Nature and Characteristic of Defendant

Holden asks the Court to consider her history and circumstances. She is a 53 year old native of Detroit. Although her parents divorced, she reports a good childhood; free from abuse, neglect, or drug use. Holden's parents are deceased and she has no immediate family support in the surrounding area. One sister resides in Newport News, Virginia.

Until 1992, the Defendant led a productive and healthy life. However, that year, her only child, 18 year old Jimmie Stephens, was killed in a drive-by shooting. She sought psychological counseling and psychiatric treatment. Holden also turned to alcohol and gambling to cope. Despite the setbacks, Holden obtained employment as a Production Leader with Key Plastics in September of 1992, employment which she maintains to this day.

It appears that Holden was able to keep her gambling under control until 2001. In March of that year, Holden discovered her older sister dead from a diabetic seizure. Holden and her sister lived in the same home and shared expenses. Holden says she could not afford the funeral expenses, so she used union funds to pay for the funeral.

With the loss of both her son and sister, Holden's emotional deterioration and gambling intensified. Psychologist Stephen Miller, who interviewed Holden, described her as being in a state of "pathologically chasing dollars" through the purchase of lottery tickets. She continued to gamble.

Holden expressed remorse for her actions to both Dr. Miller and this Court. She requests the Court to consider her emotional condition, age, and employment history in fashioning a sentence.

### 2. Emotional Condition and Post-Offense Rehabilitation

With respect to her emotional condition and post-offense rehabilitation efforts, Holden provides a psychiatric evaluation from Dr. Miller. He concludes that her gambling addiction was directly due to major depression following two significant and debilitating personal losses. Holden currently counsels at Eastwood Clinic. As of June 1, 2007, Holden had completed nine months of counseling sessions. The Clinic reports that her attendance is reliable and her motivation to quit gambling sincere.

Holden's mental or emotional condition, "is not ordinarily a ground to impose a lower sentence under the Guidelines." *United States v. Borho*, No.06-5288, 2007 WL 1412310, *8 (6th Cir. May 15, 2007)(citing U.S.S.G. 5H1.3). Pre-*Booker*, courts were discouraged from considering these factors except in extraordinary circumstances. *Id.* (citing *Koon v. United States*, 518 U.S. 81, 95(1996)). Post-*Booker*, "District courts now

4

have the discretion to weigh a multitude of mitigating and aggravating factors that existed at the time of mandatory Guidelines sentencing, but were deemed not ordinarily relevant, such as age, education and vocational skills, mental and emotional conditions, employment record, and family ties and responsibilities." *U.S. v. Husein,* 478 F.3d 318, 330 (6th Cir. 2007). The Sixth Circuit, however, has also stated that "[a]lthough the district court has a "freer hand" to account for even discouraged factors under the Guidelines post- *Booker*, it must offer a compelling justification if those factors form the basis of a substantial variance from the recommended Guideline range. *Id.* (internal citations omitted).

While discouraged under the Guidelines, the Court will consider Holden's emotional condition and post-rehabilitation efforts as relevant § 3553(a) factors in determining whether Holden should have the benefit of a variance sentence.

### 3. Age

Under the Guidelines, age is not ordinarily relevant to sentencing. U.S.S.G. §5H1.1. But post-*Booker*, the fact that a guideline factor is disfavored does not make it irrelevant when courts weigh § 3553 factors. In *United States v. Davis*, 458 F.3d. 491, 498 (6th Cir. 2006) the Sixth Circuit stated that the district court may account for age in imposing a sentence.

Holden argues that because she committed her first offense at age 52, a sentence of incarceration would be greater than necessary. She also notes that the risk of recidivism and the need to protect the public from further crimes drop dramatically for defendants over forty. Further, Holden cites a U.S. Department of Justice report stating that older offenders suffer greater punishment in prison because they are at risk of

5

being preyed upon by younger inmates.

The Court finds that Holden's age is relevant. It, coupled with her lack of criminal history, demonstrates that she has led a life free of criminal activity. Further, the Sentencing Commission's own findings demonstrate that women are less likely than men to be recidivists, and that people who are employed and those who are over the age of 50 at sentencing are less likely to be recidivists. <u>United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines</u> at 12-13. Therefore, the Court considers this factor in fashioning Holden's sentence.

### 4. Employment History

In addition to Holden's age and emotional condition, it is noteworthy that she has maintained stable employment all of her life. She has worked with Key Plastics for almost 15 years. Courts hold that employment history alone or coupled with other factors may justify a variance from the Guidelines. *See United States v. Kuhn*, 351 F.Supp.2d 696 (E.D.Mich. 2005). While not "extraordinary," Holden's ability to maintain stable employment does indicate that she is attempting to lead a positive life. Pursuant to § 3553(a), this factor weighs in favor of imposing a sentence outside the Guideline range.

Further, Holden must make restitution to the Union in the amount of $74,090.09. A sentence of incarceration will prohibit her from restoring these much needed funds to the Pace International Union local. And, while it is true that Holden could seek reinstatement to her position following incarceration, the Court's information is that to initiate this process, Holden would need to ask the same Union that she embezzled

funds from, to begin negotiations with Key. If Key does rehire her, the Union membership would have to vote on whether Holden would be reinstated with or without seniority.

Given that the Union is Holden's victim, its ability to be impartial would be called into question. The Court considers this as well in fashioning Holden's sentence.

## III. SENTENCE IMPOSED

Even before Booker, Holden's emotional and mental condition, lack of criminal history, and remorse were permissible grounds for departure. *United States v. Wallace*, 458 F.3d 606, 613 (7th Cir. 2006). The Court takes these factors into account. The Court also considers that Holden has already begun to set aside funds for restitution, another example of her remorse and desire to make amends.

Prior to this offense, Holden did not pose a danger to the public and was a law abiding citizen. The Court believes she does not pose a future danger. A Linda Holden employed and paying restitution would better serve the goals of deterrence and public safety than incarceration. In addition to deterrence, rehabilitation also serves a goal of punishment. *See* § 3553(a)(2)(D). Holden has a need for psychiatric and emotional counseling and she is well on her way in treatment.

Finally, the Court considers the types of sentences available and notes that 18 U.S.C. § 3561(a) indicates that probation is available for Class D felonies such as the one committed by Defendant. The Court finds that the goals of § 3553(a) will be best served by a two year probationary sentence that includes a 180 day period of home confinement as a condition of supervision.

**IT IS ORDERED**.

7

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 13, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 13, 2007.

S/Linda Vertriest
Deputy Clerk

---